UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Dyupedeh Gbadyu, | Case No. 18-cv-986 (DSD/TNL) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| U.S. Department of Homeland Security ICE, | |
| Respondent. | |

Dyupedeh Gbadyu, A-Number 097-749-950, #014687, Sherburne County Jail, 13880 Business Center Drive, Suite 200, Elk River MN 55330 (*pro se* Petitioner); and

Ana H. Voss, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis MN 55415 (for Respondent).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Petitioner Gbadyu's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1). This action has been referred to the undersigned magistrate judge for a report and recommendation to the Honorable David S. Doty, United States District Judge for the District of Minnesota, under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, this Court recommends that the petition be denied as moot and this action be dismissed.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner is a native and citizen of Liberia. (Pet., at 5, 8). Petitioner entered the United States via New York, New York on July 25, 1985. (*See* Decl. of Ana Voss, at Ex.

1, ECF No. 7; *see* Pet., at 8). Petitioner was ordered removed from the United States due to an aggravated felony conviction. (Voss Decl., at Ex. 1 (citing 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable.")); *see* Pet. ¶ 13). A Warrant of Removal/Deportation issued on May 25, 2017. (Voss Decl., at Ex. 1).

Petitioner asserts he has been in custody since May 24, 2017. (Pet. ¶¶ 6, 13). Petitioner asserts he received a final order of removal on June 5, 2017 from an immigration official. (Pet. ¶¶ 6, 13). Petitioner challenged the order in the Board of Immigration Appeals. (Pet. ¶¶ 7, 11(c)). His appeal was dismissed. (Pet. ¶¶ 7, 11(c)). Petitioner petitioned the Eighth Circuit for review. (Pet. ¶¶ 8, 11(d)); *see Gbadyu v. Sessions*, 8th Cir. Case No. 18-1306. Petitioner's appeal was dismissed for lack of jurisdiction. *Gbadyu v. Sessions*, 8th Cir. Case No. 18-1306, Doc. No. 4680562 (July 10, 2018).

On April 11, 2018, Petitioner initiated the present action, filing a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continued immigration detention, seeking release. (Pet. *passim*). Petitioner asserts he has served three 90-day terms and his last 90-day decision was January 19, 2018, leading to almost one year of detention. (Pet., at 7). Petitioner seeks release from custody to continue his legal challenge of the deportation order as well as mounting a challenge to his criminal convictions from 1995 and 1996. (Pet., at 6–9).

Petitioner was deported on April 17, 2018 via an ICE charter flight from Alexandria International Airport in Alexandria, Louisiana. (Voss Decl., at Ex. 1). Respondent filed a

2

response to the Petition on May 11, 2018, arguing that Petitioner's deportation renders the matter moot, requesting it be dismissed. (ECF No. 6).

## II. ANALYSIS

This Court interprets Petitioner's claim as one challenging his continued detention pursuant to *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001), because Petitioner requests that the Court prevent further detention and direct Respondent to release him from custody. As Respondent notes, however, Petitioner has since been deported, thereby ending his custody and mooting his challenge.

### A. Mootness

The United States Constitution limits the jurisdiction of the federal courts to ongoing cases and controversies. *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000); *see* U.S. CONST. art. III, § 2. The case-or-controversy requirement exists at all stages of federal judicial proceedings. *Potter v. Norwest Mortg., Inc.*, 329 F.3d 608, 611 (8th Cir. 2003). It is of no consequence that a claim was live at an earlier stage in the proceedings; a claim must be live when the court decides the issues. *South Dakota v. Hazen*, 914 F.2d 147, 150 (8th Cir. 1990). "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Haden*, 212 F.3d at 469 (alteration in original) (quoting *Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir. 1994)). The federal courts lack jurisdiction to hear moot cases. *Minn. Humane Soc'y v. Clark*, 184 F.3d 795, 797 (8th Cir. 1999). Thus, when an action is moot

because it no longer satisfies the case-or-controversy requirement, "a federal court must dismiss the action." *Potter*, 329 F.3d at 611 (citing *Minn. Humane Soc'y*, 184 F.3d at 797).

In this case, no ongoing controversy exists because ICE removed Petitioner from the United States. Petitioner seeks release from ICE custody. As Petitioner has been removed and is no longer in ICE custody, any order of release from the Court would be ineffectual. Because the Court cannot grant Petitioner effective relief, the instant challenge to Petitioner's detention pending removal is moot. *See, e.g., Ahmed v. Sessions*, Case No. 16-cv-2124 (DSD/HB), 2017 WL 3267738, at *2 (D. Minn. July 11, 2017) (habeas petition was moot because petitioner's removal from the United States left "nothing for the [c]ourt to grant by way of habeas relief" as petitioner was no longer in ICE custody), *report and recommendation adopted by* 2017 WL 3268176 (D. Minn. July 31, 2017); *Estrada-Heredia v. Holder*, Case No. 12-cv-1157 (SRN/SER), 2012 WL 4839113, at *2 (D. Minn. Sept. 25, 2012) (habeas petition moot where petitioner was already repatriated to Mexico), *report and recommendation adopted by* 2012 WL 4839019 (D. Minn. Oct. 11, 2012); *Mhanna v. U.S. Dep't of Homeland Sec. Citizenship & Immigration Servs.*, No. 10-cv-292 (JRT/LIB), 2010 WL 5141803, at *12 (D. Minn. Dec. 13, 2010) (petitioner's removal from the United States rendered habeas claim relating to ICE detention moot).

### B. Mootness Exceptions Do Not Apply

If any of the following exceptions to mootness apply, however, a court should not dismiss a habeas petition as moot:

> (1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but

is free to resume it at any time; or (4) it is a properly certified class action suit.

*Ahmed*, 2017 WL 3267738, at *2 (quoting *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002)). None of these exceptions apply to the present case.

First, the collateral-injuries exception does not apply when such injuries are a result of the final order of removal and not the prolonged detention itself. *Ahmed*, 2017 WL 3267738, at *2. In this case, any continuing injury would follow from Petitioner's order of removal to Liberia rather than Petitioner's allegedly prolonged detention. *See id.* (finding that any continuing injury would follow the order of removal, which petitioner was unable to challenge in federal district court); *see also Sayonkon v. Beniecke*, Case No. 12-cv-27 (MJD/JJK), 2012 WL 1621149, at *2 (D. Minn. Apr. 17, 2012) ("But the collateral-consequences exception does not apply where such conditions follow from the final order of removal and not from the allegedly prolonged detention itself." (footnote omitted)), *report and recommendation adopted by* 2012 WL 1622545 (D. Minn. May 9, 2012). Because there are no collateral consequences resulting from Petitioner's allegedly unlawful detention, this exception does not apply. *See Ahmed*, 2017 WL 3267738, at *2; *Yelengi v. Lynch*, Case No. 16-cv-2397 (SRN/TNL), 2017 WL 2123927, at *3 (D. Minn. Apr. 26, 2017), *report and recommendation adopted by* 2017 WL 2124398 (D. Minn. May 16, 2017).

Second, the capable-of-repetition exception applies when "the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and . . . there is a reasonable expectation that the same complaining party will be subject to the same

5

action again." *Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (quotation omitted). This narrow exception likewise does not apply here because there is nothing further to litigate in Petitioner's case. *See Ahmed*, 2017 WL 3267738, at *3 (finding the capable-of-repetition exception to mootness did not apply where ICE effectively removed petitioner from the United States). Nor is there a reasonable expectation that ICE will hold Petitioner in custody again. *See id.*

Third, the voluntary-cessation exception does not apply as "this is not a case in which the government voluntarily ceased allegedly unlawful conduct but is free to restart such conduct at whim." *Kargbo v. Brott*, Case No. 15-cv-2713 (PJS/LIB), 2016 WL 3676162, at *2 (D. Minn. July 6, 2016) (citing *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 727 (2013)). If ICE brought Petitioner back into custody, "it would be under a new set of circumstances and facts, and would be impossible for the government to repeat the *same* unlawful conduct that Petitioner challenged." *Yelengi*, 2017 WL 2123927, at *3 (quotation omitted).

Finally, the class-action exception does not apply because this case involves an individual detainee's request for relief on his own behalf, not a request for relief on behalf of a class of individuals. Because the Court is unable to grant effective relief to Petitioner, and none of the above-mentioned exceptions to mootness apply, the Petition must be denied as moot.

### III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, (ECF No. 1), be **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**.

Date: October 3, 2018              *s/ Tony N. Leung*
                                   Tony N. Leung
                                   United States Magistrate Judge
                                   District of Minnesota

                                   *Gbadyu v. U.S. Dept. of Homeland Sec.*
                                   Case No. 18-cv-986 (DSD/TNL)

### NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).